IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

KAIN AYALA GUADARRAMA                                                        PLAINTIFF

v.                  Civil No. 11-5122

SHELIA ROGERS, d/b/a Zoom Bail
Bonds; and SHERIFF KEITH FERGUSON,
Benton County, Arkansas                                             DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

The Plaintiff, Kain Ayala Guadarrama, currently an inmate of the Benton County Detention Center, filed this *pro se* civil rights action under 42 U.S.C. § 1983. He has submitted a motion (Doc. 4) for leave to proceed *in forma pauperis*. The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act.

### Background

According to the allegations of the complaint and attached grievances, Plaintiff was incarcerated at the Benton County Detention Center (BCDC) in February of 2007 on pending state criminal charges. On February 21, 2007, Plaintiff posted a $75,000 bond through Sheila Rogers, d/b/a Zoom Bail Bonds. The fee for the bond was $7500. Plaintiff indicates Rogers told him he would be deported. He states he was released to the United States Immigration and Customs Enforcement.

Plaintiff alleges he was not deported and did not get the money from posting the bond back. Instead, he indicates federal charges were filed against him. He asks that he either be paid back the money or be deported.

### Discussion

As noted above, the Plaintiff is incarcerated in the BCDC and is seeking leave to proceed IFP in this case. Pursuant to the Prison Litigation Reform Act, the Court is required to review a prisoner's complaint and dismiss it, or any portion of it, before it is served on Defendants if it is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief from a Defendant who is immune. 28 U.S.C. § 1915; 28 U.S.C. § 1915A.

In reviewing an IFP application, there is a two step process followed by the Court. First, a determination of whether the Plaintiff qualifies by economic status under § 1915(a) and, if so, to permit the complaint to be filed. Second, a determination of whether the cause of action stated in the complaint is frivolous or malicious and, if so, to dismiss the complaint. *Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982). 28 U.S.C. § 1915A(b)(On review, the court is to dismiss the complaint, or any portion of the complaint, that is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.). *See also* 28 U.S.C. § 1915(e)(2)(B)(i-iii).

In his affidavit, Plaintiff states the only funds he has received in the past twelve months are occasional gifts from a friend and from a twenty-nine cents per hour job he had at a correctional facility in Texas. The records from the BCDC show he has no funds in an inmate account. The information supplied by Plaintiff appears to be sufficient to determine that Plaintiff would qualify by economic status for *in forma pauperis* status.

However, the claims are clearly subject to dismissal. First, his claims are barred by the statute of limitations. Section 1983 does not contain its own statute of limitation. Instead, causes of action under § 1983 are governed by "the most appropriate or analogous state statute of limitations." *Goodman v. Lukens Steel Co.*, 482 U.S. 656, 660 (1987)(§ 1981 case). *See also Wilson v. Garcia*, 471 U.S. 261, 268 (1985)(§ 1983 case). In Arkansas, this is the three year personal injury statute of limitations, Ark. Code Ann. 16-56-105(3) (2005). *See Miller v. Norris*, 247 F.3d 736, 739 (8th Cir. 2001)(Ark. Code Ann. § 16-56-105(3) is the statute of limitations applicable to § 1983 cases). Thus, any claims based on events that occurred in 2007, would be barred by the statute of limitations.

Second, Plaintiff's claims against Sheila Rogers, d/b/a Zoom Bail Bonds are subject to dismissal. In general, private citizens do not act under color of state law for purposes of § 1983. *Bilal v. Kaplan*, 904 F.2d 14, 15 (8th Cir. 1990). While private parties who conspire with state actors may be held liable under § 1983, *see e.g., Sanders v. Sears, Roebuck & Company*, 984 F.2d 972, 975 (8th Cir. 1993); *Smith v. Bacon*, 699 F.2d 434, 436 (8th Cir. 1983), Plaintiff has not alleged the existence of a conspiracy between Rogers and the jail officials. A bondsman is not a state actor where she neither purports to act pursuant to a warrant nor enlists the assistance of law enforcement officers in enforcing a warrant or in apprehending her principal. *Landry v. A-Able Bonding,* Inc., 75 F.3d 200 (5th Cir. 1996); *Green v. Abony Bail Bond*, 316 F. Supp. 2d 1254, 1261 (M.D. Fla. 2004)(Bail bondsmen who work with their principals without any assistance from law enforcement officials are consistently found not to be state actors.). Instead, "[a]s a general matter, bondsmen are private citizens who interact with the state in the course of

pursuing their private interests.  Their conduct is therefore not attributable to the state." *Dean v. Olibas*, 129 F.3d 1001, 1005 n. 1 (8th Cir. 1997).

### Conclusion

Accordingly, I recommend that Plaintiff's request to proceed *in forma pauperis* (Doc. 4) be denied and the complaint be dismissed.

**Plaintiff has fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 13th day of June 2011.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)